UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CREG BORING<br>281 Industrial Street<br>Rittman, OH 44270<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>SCHAEFFLER GROUP USA, INC.<br>c/o Statutory Agent CT Corporation System<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>    and<br><br>LUK USA LLC<br>c/o Statutory Agent CT Corporation System<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>    Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Creg Boring, by and through counsel, and for his Complaint against Defendants Schaeffler Group USA, Inc. and LuK USA LLC ("LuK"), states and alleges the following:

## **INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants maintain a business located at 5370 Wegman Drive, Valley City, OH 44280-9700, Defendants conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Wayne County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants conducted business in Cuyahoga County, Ohio, and other cities and states throughout the United States.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were enterprises engaged in commerce or

in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

14. Defendants are Delaware corporations that manufacture products for the automotive, industrial and aerospace industry.

15. Defendant LuK USA LLC is a wholly-owned subsidiary of Defendant Schaeffler Group.

16. Defendant Schaeffler Group markets LuK as a Schaeffler brand.

17. Plaintiff was employed by Defendants as a CNC operator at Defendants' manufacturing facility in Wooster, Ohio between approximately September 2013 and October 2016.

18. Other similarly-situated employees were employed by Defendants as CNC operators at Defendants' various manufacturing facilities.

19. Plaintiff and other similarly-situated CNC operators were non-exempt employees under the FLSA and were paid an hourly wage.

**(Failure to Pay For All Hours Worked)**

20. Plaintiff and other similarly situated CNC operators were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before their scheduled start times and after their scheduled stop times: a) obtaining personal protective equipment necessary to operate a CNC machine and/or welder, including but not limited to gloves, glasses, aprons and/or welding sleeves; b) obtaining tools necessary to operate a CNC machine and/or welder, including but not limited to CNC cutting tools, welding tips and/or welding spray; c) changing into and out of their personal protective equipment; d) walking to their assigned area of the production floor; and e) meeting with employees on the previous shift to discuss the work to perform.

**(Failure to Pay for Time Spent Retrieving Personal Protective Gear)**

21. Before Plaintiff and other similarly-situated CNC operators began their shifts, they retrieved their personal protective gear, including gloves, glasses, welding sleeves, and/or aprons.

22. The time Plaintiff and other similarly-situated CNC operators spent retrieving their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendants' benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

23. Plaintiff and other similarly-situated CNC operators were not paid for time spent retrieving their personal protective equipment.

**(Failure to Pay for Time Spent Retrieving Tools)**

24. Before Plaintiff and other similarly-situated CNC operators began their shifts, they retrieved tools necessary to operate a CNC machine and/or welder, including CNC cutting tools,

welding tips and/or welding spray.

25. The time Plaintiff and other similarly-situated CNC operators spent retrieving their tools was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit in that it allowed Plaintiff and other similarly-situated CNC operators to perform their job.

26. Plaintiff and other similarly-situated CNC operators were not paid for time spent retrieving their tools.

**(Failure to Pay For Donning Time)**

27. Before Plaintiff and other similarly-situated CNC operators began their shifts, they donned gloves, glasses, welding sleeves, and/or aprons.

28. The time Plaintiff and other similarly-situated CNC operators spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendants' benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

29. Plaintiff and other similarly-situated CNC operators were not paid for time spent donning their personal protective equipment.

**(Failure to Pay For Postdonning Walk Time)**

30. After donning their personal protective equipment, Plaintiff and other similarly-situated CNC operators walked from the area in which they changed into personal protective equipment to the production floor. Such time constitutes "postdonning walk time."

31. Plaintiff and other similarly-situated CNC operators were not paid for their postdonning walk time.

### (Failure to Pay For Predoffing Walk Time)

32. At the end of their shift, Plaintiff and other similarly-situated CNC operators walked from the production floor to the area in which they changed out of their personal protective equipment. Such time constitutes "predoffing walk time."

33. Plaintiff and other similarly-situated CNC operators were not paid for their predoffing walk time.

### (Failure to Pay For Doffing Time)

34. At the end of their shift, Plaintiff and other similarly-situated CNC operators doffed their personal protective equipment.

35. The time Plaintiff and other similarly-situated CNC operators spent doffing their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants, OSHA, and was performed for Defendants' benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

36. Plaintiff and other similarly-situated CNC operators were not paid for time spent doffing their uniforms and personal protective equipment.

### (Failure to Pay for Time Spent Meeting with Employees on Previous shift)

37. Prior to their shift, Plaintiff and other similarly-situated CNC operators met with employees on the previous shift to discuss the work to perform.

38. The time Plaintiff and other similarly-situated CNC operators spent meeting with employees on the previous shift was an integral and indispensable part of their principal activities, was required by Defendants and was performed for Defendants' benefit.

39. Plaintiff and other similarly-situated CNC operators were not paid for time spent

meeting with employees from the previous shift to discuss the work to perform.

**(Failure to Pay Overtime Compensation)**

40. As a result of Plaintiff and other similarly-situated CNC operators not being paid for all hours worked, Plaintiff and other similarly-situated CNC operators were not paid overtime compensation for all of the hours they worked over 40 each workweek.

41. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

42. Upon information and belief, Defendants failed to make, keep and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated CNC operators.

43. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work amounted to approximately 30 to 60 minutes each day.

**(Defendants Willfully Violated the FLSA)**

44. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

45. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

46. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current CNC operators of Defendants Schaffler
> Group and LuK employed at a LuK manufacturing facility between
> January 5, 2014 and the present.

47. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

49. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current CNC operators of Defendants Schaffler
> Group and LuK employed at a LuK manufacturing facility between
> January 5, 2014 and the present.

51. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

52. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

  (a) whether Defendant failed to pay overtime compensation to its CNC operators for hours worked in excess of 40 each workweek; and

  (b) what amount of monetary relief will compensate Plaintiff Creg Boring and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

53. The claims of the named Plaintiff Creg Boring are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

54. Named Plaintiff Creg Boring will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

55. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small

that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Defendants' practice and policy of not paying Plaintiff and other similarly-situated CNC operators for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

59. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated CNC operators violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

60. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

61. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated CNC operators have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Defendants' practice and policy of not paying Plaintiff and other similarly-situated CNC operators for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

64. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated CNC operators violated the OMFWSA, R.C. 4111.03.

65. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

66. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated CNC operators have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the

statutory rate;

  F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

  G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

              Respectfully submitted,

              /s/ Anthony J. Lazzaro
              Anthony J. Lazzaro (0077962)
              Chastity L. Christy (0076977)
              Lori M. Griffin (0085241)
              The Lazzaro Law Firm, LLC
              920 Rockefeller Building
              614 W. Superior Avenue
              Cleveland, Ohio 44113
              Phone: 216-696-5000
              Facsimile: 216-696-7005
              anthony@lazzarolawfirm.com
              chastity@lazzarolawfirm.com
              lori@lazzarolawfirm.com
              Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

              /s/ Anthony J. Lazzaro
              One of the Attorneys for Plaintiff